| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**WELLS, JAWORSKI & LIEBMAN, LLP**<br>**Darrell M. Felsenstein, Esq. (DF0909)**<br>**12 Route 17 North**<br>**P.O. Box 1827**<br>**Paramus, New Jersey 07653-1827**<br>**(T) (201) 587-0888**<br>**(F) (201) 587-8845**<br>defelsenstein@wellslaw.com<br>**Attorneys for Plaintiffs** | |
| In Re:<br><br>**Fred J. Meyers and Elizabeth Meyers** | **Case No. 09-37551-DHS** |
| **Robert Dill, individually; DWR Management, LLC; and Bergenfield Skating Associates, Inc.**<br><br>                    Plaintiff(s)<br><br>v.<br><br>**Fred J. Meyers and Elizabeth Meyers**<br><br>                    Defendant(s) | **Adv. No. 10-0148-DHS** |

**PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANT'S NOTICE OF MOTION FOR RECONSIDERATION OF THIS COURT'S MARCH 17, 2011 DECISION**

530632

## **PRELIMINARY STATEMENT**

Plaintiffs, Robert Dill, DWR Management, LLC and Bergenfield Skating Associates, Inc. collectively referred to as "Plaintiffs" submit this brief in opposition to Defendant's Notice of Motion for Reconsideration.

530632

## SUMMARY OF ARGUMENT

This Court properly denied Defendant, Fred Meyers' motion for summary judgment in its March 17, 2011 decision. Defendant repeatedly, through his words and through his silence played on his "friendship" with Plaintiff and his wife by obtaining loans through false pretenses, false representations and fraud. This Court rightfully decided a cause of action under 11 U.S.C. § 523(a)(2)(A) had been presented and that there are genuine issues of material fact which make summary judgment inappropriate.

# LEGAL ARGUMENT

## POINT ONE

### This Court Should Deny Reconsideration

The content of Defendant's moving papers make clear that Defendant's motion for reconsideration is a quintessential attempt to get a second bite of the apple.

Motions for reconsideration are governed under the Federal Rules of Bankruptcy Procedure 9023, Federal Rule of Civil Procedure 59(e) and D.N.J. LBR 9013-1(h). To consider a motion for reconsideration the movant is obligated to rely on one of three grounds: "1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; and 3) there is an intervening change in the controlling law." In re Central Jersey Airport Services, 282 B.R. 176, 182 (Bankr. D.N.J. 2002). In attempting to meet his burden, Defendant "must set forth concisely the matters or controlling decisions which the counsel believes the Court has overlooked." Database American, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F.Supp. 1216, 1219 (D.N.J. 1993); and see, In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998).

A motion for reconsideration must show more than "mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decisions." Database, 825 F.Supp. at 1220 (quoting G-69 v. Degnair, 748 F.Supp. 274, 275 (D.N.J. 1990)); Assisted Living Assoc. of Moorestown, L.L.C. v. Moorestown Twp., 996 F.Supp. 409, 414 (D.N.J. 1998). Furthermore, "a motion for reconsideration should be limited to exceptional circumstances." In re Christie, 222 B.R. at 68 (citing Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991).

What Defendant attempts, here in this motion, is to re-argue his position, which was previously denied. The standards and case law are clear that it is inappropriate to "reargue positions previously made or to otherwise ask the court to rethink issues already considered rightly or wrongly." In re Engel, 190 B.R. 206, 212 (Bankr. D.N.J. 1995).

Quite simply, Defendant has failed to present any issue which would justify reconsideration as there was no error of law in the Court's March 17, 2011 decision. All Defendant seeks to do is mischaracterize "facts" and somehow convince the Court that these genuine issues of material fact should not be tried. Defendant is mistaken and, as such, reconsideration is without merit.

## **POINT TWO**

## **There are Issues of Material Fact that Must be Tried**

11 U.S.C. § 523(a)(2)(A) provides, in pertinent part, that a "discharge under" this title does not discharge an individual debtor from any debt" (2) for money, property, services or an extension or renewal, or refinancing of credit, to the extent obtained by - (A) false pretenses, a false representation or actual fraud other than a statement respecting a debtors or an insiders financial condition."

The Complaint sets forth the above elements and the facts demonstrate that summary judgment, on behalf of Defendant, Fred Meyers, would be inappropriate in light of the dispute at hand. To prevail on a cause of action, under 11 U.S.C. § 523(a)(2)(A), Plaintiffs will have to prove at trial, by a preponderance of evidence, the following elements, which are set forth in Count One of the Complaint: "the debtor made a false representation; the debtor made the representation with the intent to deceive to creditor; the creditor relied upon the representation; the creditors reliance was reasonable [justifiable]; and the debtors representation caused the creditor to sustain a loss." Crossingham Trust v. Baines, (In re Baines) 337 B.R. 392 (Bankruptcy D.N.M. 2006); citing Fowler Brothers v. Young, (In re Young) 91 F.3rd 1367, 1373 (10th Cir. 1996); Fields v. Mans, 516 U.S. 59, 74-75 (1995); Grogin v. Garner, 498 U.S. 279 (1991).

Evidence has been presented, both in the deposition testimony of Defendant and of Plaintiff, that Mr. Meyers obtained monies from Plaintiffs through false representations and false pretenses as outlined herein. Defendant knew that the promises he made were empty and that he lacked the ability to meet the commitments when they became due, and he lacked the intent to repay. "Intent may be inferred" if the promissor knew or believed that he would be financially

unable to perform." Weiss v. Alicea, (In re Alicea) 230 B.R. 492, 501 (Bankruptcy D.S.D. 1999).

Under 11 U.S.C. § 523(a)(2)(A), "Intent to deceive is a question of fact which can be inferred based on the totality of circumstances." Fowler Bros v. Young, at 1375.  A review of the statements and actions of Defendant, in obtaining the subject loans, could provide the basis to support "an inference that there was intent to defraud." Crossingham Trust v. Baines, (In re Baines) 337 B.R. 392 (Bankruptcy D.N.M. 2006); citing In re Abraham, 247 B.R. 479, 483 (Bankr. D. Kan. 2000).  Summary judgment should only be entered where there is no genuine issue as to any material fact.  In the Court's March 17, 2011 decision, it was determined that this was not the case here and, as such, summary judgment on behalf of Mr. Meyers was properly denied.

Defendant's motion for reconsideration speaks of the "justifiable reliance standard," which was argued already by Defendant's counsel and thus, he attempts here to get the proverbial second bite at the apple. (See, Hearing Transcript, P. 30, L. 14-25, annexed hereto as Exhibit "A").

Defendant misstates and twists the deposition testimony of Plaintiff, Robert Dill, in an attempt to prove his point.  Contrary to Defendant's assertions, Plaintiff did not state that the totality of Defendant's statements caused him to understand that Defendant owed Doris Zinke money.  A review of the deposition testimony provides as follows:

> Q. What representations or statements did he make to you which caused you to make the loans referenced in Paragraph 9 and 10?
>
> A. That the woman involved was a friend of Liz, that's maybe where my wife called, but I'll have to check that.

> She would -- there was a condo for sale, and that if she didn't have the money, because apparently she owed -- she was owed money from Fred. If she didn't have the money, she would miss this deal.
>
> So there was a -- it was a desperation, quickly had to be done like…
>
> Q. So you understood he was asking you essentially for $40,000 to pay someone else?
>
> A. To give to someone else. I don't know -- I didn't know it so much as to pay them as opposed to giving them. Now I know. We put it together because we subsequently had a conversation with Doris Zinck.

(See, Deposition Transcript of Robert Dill, page 43, lines 10-25 and page 44, lines 1-4, annexed to Defendant's moving papers as Exhibit "A").

> Q. And were you aware that the Meyers were indebted, one or both of the Meyers were indebted to Doris Zinke?
>
> A. I don't think I was aware at that time, no.

(Exhibit "B" page 44, lines 12-16).

Plaintiff clearly testified that he was unaware, at the time of the loan, that Defendant was indebted to Doris Zinke. Any confusion in the testimony was due solely to his having current knowledge of the events leading up to the lending of the final $40,000.00. It is easy to understand the difficulty in recalling what one knew years before, as opposed to at the time of the deposition, following investigation and some discovery. This Court was correct in its prior analysis, wherein in response to Defendant's arguments on the justifiable reliance standard, it was ruled that Plaintiff had presented sufficient questions of fact to advance to trial. (See, Exhibit "A," P. 30, L. 1-25, P. 31, L. 1-14). Defendant is mistaken and twists the deposition testimony, wherein he asserts that Plaintiff somehow knew he was being defrauded. This argument is specious, at best, and this Court was correct in analyzing that which was presented at

the prior motion, in finding that "ultimately these questions as to Mr. Meyers' knowledge and intent are questions of fact that would be inappropriately decided on the present motion for summary judgment." (See, Letter Opinion, page 9, annexed hereto as Exhibit "B" and <u>Fowler Bros v. Young</u> (<u>In re Young</u>) 91F.3d 1367, 1375 (10th Cir. 1996).  Similarly, questions of whether Plaintiff was justified in relying on Defendant's deceitfulness are also best decided at trial.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration should be denied.

Respectfully submitted,

Wells, Jaworski & Liebman, LLP

By: */s/Darrell M. Felsenstein*
    Darrell M. Felsenstein, Esq. (DF0909)

Dated: April 11, 2011